UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3BA PROPERTIES LLC, KEVIN LUBAHN, and BRENDA FORD,<br><br>Plaintiffs,<br><br>v.<br><br>LARRY CLAUNCH, et al.,<br><br>Defendants. | C13-979 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the motion to dismiss brought by defendants Michael Reynvaan[1] and Perkins Coie LLP (collectively, the "Perkins Defendants"), docket no. 26, and the motion to dismiss or alternatively for a more definite statement brought by defendant Stoel Rives LLP ("Stoel Rives"), docket nos. 27 and 28-1. Having reviewed all papers filed in support of, and in opposition to, each motion, the Court enters the following order.

**Background**

This case is related to an earlier action before the Honorable Richard A. Jones, United States District Judge, captioned as *3BA International LLC v. LuBahn*, Case

---

[1] In the Complaint, docket no. 1, and the Amended Complaint, docket no. 13, this defendant's last name was misspelled as "Reynvann." The Complaint and Amended Complaint are deemed amended to correct this typographical error, and the Clerk is DIRECTED to update the docket accordingly.

ORDER - 1

No. C10-829 RAJ.  In that matter, 3BA International LLC ("3BA Int'l") sued its former employees, Kevin LuBahn and Kevin Ellis, for *inter alia* tortious interference with a business relationship, breach of the duty of good faith, and defamation.  <u>See</u> Complaint (C10-829, docket no. 1); Order (C10-829, docket no. 121).  3BA Int'l is a limited liability company formed by Kevin LuBahn and Larry Claunch.  Order at 2 (C10-829, docket no. 121).  3BA Int'l's business goal was to organize a three-on-three basketball league.  <u>Id.</u>

A few months before the creation of 3BA Int'l, LuBahn received a discharge in bankruptcy.  <u>Id.</u> at 3.  In September 2008, about nine months after the formation of 3BA Int'l, LuBahn's bankruptcy proceeding was reopened, and the bankruptcy judge granted the bankruptcy trustee's motion to approve the sale of LuBahn's copyrights, trademarks, and domain name registrations (collectively, the "Intellectual Property") to Claunch.  <u>Id.</u> At that time, Claunch was the sole member of 3BA Int'l, and LuBahn and Claunch were its co-managers.  <u>Id.</u> at 2.  Claunch and/or 3BA Int'l were apparently represented by Brinette Bobb-Rounds in connection with matters before the bankruptcy court.  <u>See</u> Complaint at 12:12-25 (docket no. 1); Amended Complaint[2] at ¶¶ 24-25 (docket no. 13).  Bobb-Rounds was an attorney at Stoel Rives for some period of time.

---

[2] Plaintiffs mistakenly filed this action in King County District Court, and purported to "remove" it to this Court on June 12, 2013.  <u>See</u> Notice of Removal (docket no. 6).  A Complaint (docket no. 6-2 at 4-22) is attached to the Notice of Removal.  It appears to be in substantially the same form as the Complaint, docket no. 1, filed in this matter on June 6, 2013.  On July 21, 2013, plaintiffs filed another Complaint, docket no. 13, which differs somewhat from the other pleadings, primarily in format by adding paragraph numbers.  For clarity, the Court treats the pleading filed in July as an Amended Complaint, and cites to both the Complaint and Amended Complaint.

ORDER - 2

In February 2010, Lewis Hill signed a memorandum of understanding to become the owner of a "3BA" franchise in Texas.  Order at 3-4 (C10-829, docket no. 121).  Hill, however, never purchased a franchise for reasons that were not revealed in the litigation over which Judge Jones presided.  *Id.* at 5.  By April 2010, LuBahn and Claunch were at odds.  *Id.* at 4.  On April 29, 2010, Claunch fired LuBahn and, on May 18, 2010, 3BA Int'l commenced a lawsuit against LuBahn, Ellis, and an entity they had created called 3BA Properties LLC ("Properties LLC").  *Id.* at 5; Complaint (C10-829, docket no. 1).  3BA Int'l was represented by Michael Reynvaan, Javier Garcia, and Sonia Cook of Perkins Coie LLP ("Perkins Coie").  Claunch was not a named party in the litigation.

        3BA Int'l secured both a temporary restraining order ("TRO") and a preliminary injunction against LuBahn and Ellis, enjoining them from *inter alia* soliciting or contacting potential "3BA" investors or franchisees or claiming ownership interests in the Intellectual Property.  TRO (C10-829, docket no. 15); Preliminary Injunction (C10-829, docket no. 24).  LuBahn was subsequently held in contempt for violating the preliminary injunction.  Order (C10-829, docket no. 91).  Shortly after Judge Jones ruled on cross-motions for summary judgment, dismissing a number of 3BA Int'l's claims and all of LuBahn's counterclaims, Order (C10-829, docket no. 121), 3BA Int'l moved to voluntarily dismiss its remaining claims with prejudice, and the motion was granted, Order (C10-829, docket no. 129).  LuBahn subsequently moved for attorney fees, and his motion was denied.  Order (C10-829, docket no. 135).

ORDER - 3

In this action, LuBahn and Properties LLC (collectively, the "LuBahn Plaintiffs") have sued a number of parties, including Reynvaan and Perkins Coie, as well as Stoel Rives.  The LuBahn Plaintiffs assert the following claims:

1. Malpractice against Reynvaan, Perkins Coie, and Stoel Rives;

2. Breach of Fiduciary Duty against Reynvaan, Perkins Coie, and Stoel Rives;

3. Breach of the Duty of Loyalty against Reynvaan;

4. Breach of Confidentiality against Reynvaan;

5. Failure to Manage Subordinate against Perkins Coie and Stoel Rives; and

6. Respondeat Superior against Perkins Coie and Stoel Rives.

Complaint at 9-14 (docket no. 1); Amended Complaint at 9-14 (docket no. 13).  The LuBahn Plaintiffs allege these and other claims against additional defendants, but those claims are not at issue in the pending motions to dismiss.

**Discussion**

**A.      Standard for Motion to Dismiss**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 558.

A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

B. **The Perkins Defendants' Motion to Dismiss**

The Perkins Defendants move to dismiss the claims against them on two grounds: (i) failure to state a claim; and (ii) failure to bring the claims within the three-year time limit set forth in RCW 4.16.080.[3] With regard to their claims against the Perkins Defendants, the LuBahn Plaintiffs plead no facts indicating that Reynvaan or Perkins Coie had an attorney-client or fiduciary relationship or a relationship requiring loyalty and/or confidentiality with either LuBahn or Properties LLC. In fact, Reynvaan represented the party, namely 3BA Int'l, that sued LuBahn in the earlier related case.

---

[3] The Perkins Defendants also move to dismiss for failure to plead fraud with the requisite particularity pursuant to Federal Rule of Civil Procedure 9(b). The Court does not address this issue, however, because the LuBahn Plaintiffs do not appear to allege fraud against either Reynvaan or Perkins Coie. *See* Complaint at 10:18-20 (docket no. 1); Amended Complaint at 10:19-20 (docket no. 13). The only defendants listed in connection with the LuBahn Plaintiffs' fraud claim are Bobb-Rounds and Gloria Nagler. *Id.*

ORDER - 5

Given this adversarial relationship, the Court is persuaded that the LuBahn Plaintiffs cannot cure the deficiencies of the Complaint.

Moreover, the LuBahn Plaintiffs' claims against the Perkins Defendants are time-barred.  The LuBahn Plaintiffs assert that the applicable limitations period is five years, as stated in 28 U.S.C. § 2462.  This contention lacks merit.  28 U.S.C. § 2462 reads:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

Section 2462 applies only to "actions on behalf of the United States and qui tam actions." _Bertha Bldg. Corp. v. Nat'l Theatres Corp._, 269 F.2d 785, 788-89 (2d Cir. 1959); _Erie Basin Metal Prods., Inc. v. United States_, 150 F. Supp. 561, 566 (Ct. Cl. 1957) ("The limitation of section 2462 applies only to actions instituted by the Government."); _see also United States v. Walsh_, 8 F.3d 659, 662 (9th Cir. 1993) (holding that the applicable limitations period was five years because "[t]he government's action does not sound in tort but is for the enforcement of a civil penalty," citing § 2462).

Pursuant to RCW 4.16.080, the LuBahn Plaintiffs were required to file their claims against the Perkins Defendants within three years of accrual.  _See Janicki Logging & Constr. Co. v. Schwabe, Williamson & Wyatt, P.C._, 109 Wn. App. 655, 659, 37 P.3d 309 (2001).  A claim accrues when a plaintiff discovers or in the exercise of reasonable diligence should have discovered the facts that give rise to the cause of action.  _Id._  Kevin LuBahn discovered or should have discovered the claims against the Perkins Defendant

ORDER - 6

by May 21, 2010, at the latest, when a copy of the TRO issued by Judge Jones was personally delivered to him. <u>See</u> Aff. of Serv. (C10-829, docket no. 16). Prior to that date, on May 19, 2010, a copy of the motion for TRO prepared by attorneys at Perkins Coie, and signed by Reynvaan among others, had been served on LuBahn's then attorney David Blutcher. <u>See</u> Certif. of Serv. (C10-829, docket no. 8 at 21). By late May 2010, the LuBahn Plaintiffs knew or should have known the "facts" on which the current claims against the Perkins Defendants are premised, namely that the Perkins Defendants were representing 3BA Int'l in litigation against them. <u>See</u> <u>Janicki</u>, 109 Wn. App. at 559 (to start the running of the limitations period, the plaintiff need not know "the cause of action itself" but rather "only the 'facts' that give rise to that cause of action"). The LuBahn Plaintiffs did not, however, initiate this action until June 6, 2013, over three years later.[4] Because the LuBahn Plaintiffs fail to state a plausible, timely claim against the Perkins Defendants, their claims against the Perkins Defendants are DISMISSED with prejudice.

C. **<u>Stoel Rives's Motion to Dismiss</u>**

Stoel Rives moves to dismiss the claims alleged against it for three reasons: (i) failure to plead any factual allegations in support of the claims; (ii) failure to allege facts sufficient to support a theory of vicarious (respondeat superior) liability; and (iii) failure to state a claim against Bobb-Rounds for which Stoel Rives would have

---

[4] Although the LuBahn Plaintiffs attempted to commence this action on April 15, 2013, in King County District Court, such filing did not toll the statute of limitations because service was not effected within 90 days. <u>See</u> RCW 4.16.170 (requiring service within 90 days after filing or else "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations"); <u>see also</u> Waiver of Service dated October 23, 2013, and stamped received October 24, 2013 (docket no. 40).

ORDER - 7

respondeat superior liability.  In response to Stoel Rives's motion, the LuBahn Plaintiffs have submitted an 8-page declaration signed by Kevin LuBahn.  In its reply, Stoel Rives has asked that the Court disregard the declaration and decline to transform the pending motion to dismiss into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d).  The Court grants this request pursuant to Rule 12(d), and the Declaration of Kevin LuBahn, Ex. A to Response, docket no. 33 at 13-20 and docket no. 33-1, is STRICKEN and will not be considered in connection with Stoel Rives's pending motion to dismiss.

The pleadings contain minimal factual material.  They allege that Bobb-Rounds was Larry Claunch's attorney, and that Bobb-Rounds worked at some point for Stoel Rives.  They further indicate that Bobb-Rounds was counsel for 3BA Int'l and "provided legal advise [sic] to LuBahn in an attempt to further the fraudulent activity of Claunch."  Complaint at 12:16-17 (docket no. 1); Amended Complaint at ¶ 24 (docket no. 13).  According to the pleadings, Bobb-Rounds never advised LuBahn of any conflict of interest, and insisted that LuBahn retain a substitute bankruptcy attorney because she refused to work with the lawyer he already had.  Complaint at 12:20-24; Amended Complaint at ¶ 25.

These assertions are insufficient to plead a cognizable legal claim against Stoel Rives.  The pleadings fail to indicate whether Stoel Rives employed Bobb-Rounds at the time she allegedly provided advice to LuBahn, failed to advise him of any conflict of interest, or insisted that he switch bankruptcy attorneys.  They do not describe what advice Bobb-Rounds gave to LuBahn or in what context, and they do not explain what conflict of interest Bobb-Rounds should have discussed with LuBahn.  The pleadings

ORDER - 8

simply do not provide "fair notice" to Stoel Rives of what the claims are and the grounds upon which they rest.  See *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Bobb-Rounds does not appear to have been opposing counsel, and thus, with respect to Bobb-Rounds and, as a consequence, Stoel Rives, the Court cannot conclude that the LuBahn Plaintiffs could not cure the deficiencies of their pleadings.  Stoel Rives's motion to dismiss will be granted without prejudice, and the LuBahn Plaintiffs may amend their complaint within twenty-one days.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants Michael Reynvaan's and Perkins Coie LLP's motion to dismiss, docket no. 26, is GRANTED, and all claims against Michael Reynvaan (*see supra* n.1) and Perkins Coie LLP are DISMISSED with prejudice;

(2) Defendant Stoel Rives LLP's motion to dismiss, docket nos. 27 and 28-1, is GRANTED, and all claims against Stoel Rives LLP are DISMISSED without prejudice to plaintiffs filing an amended complaint; and

(3) Any such amended complaint shall be electronically filed within twenty-one (21) days of the date of this Order.

IT IS SO ORDERED.

/ / /

/ / /

/ / /

ORDER - 9

The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 12th day of November, 2013.

                                     /s/ Thomas S. Zilly
                                     THOMAS S. ZILLY
                                     United States District Judge

ORDER - 10