UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3BA PROPERTIES LLC, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>LARRY CLAUNCH, et al.,<br><br>                    Defendants. | C13-979 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on (i) a motion to dismiss brought by defendant Stoel Rives LLP ("Stoel Rives"), docket no. 49, (ii) a motion to dismiss brought by defendants Brinette Bobb Rounds ("Rounds") and Oak Street Law Group, PLLC ("Oak Street"), docket no. 51, and (iii) a motion to dismiss brought by defendants Gloria Nagler and Nagler & Malaier P.S. (collectively, "Nagler"), docket no. 54. Having reviewed all papers filed in support of the various motions, the Court enters the following order.

**Background**

As indicated in the Court's earlier Order, docket no. 41, this case is related to a previous action before the Honorable Richard A. Jones, United States District Judge, captioned as *3BA International LLC v. LuBahn*, Case No. C10-829 RAJ. In the matter

ORDER - 1

before Judge Jones, 3BA International LLC ("3BA Int'l") was represented by the firm Perkins Coie LLP ("Perkins") in suing former employees, including Kevin LuBahn, plaintiff in the current case. Larry Claunch was the sole member of 3BA Int'l, and Rounds, an attorney formerly with Stoel Rives and currently with Oak Street, provided legal services to Claunch and, at times, communicated with LuBahn. In the previous Order, docket no. 41, the Court dismissed plaintiffs' claims against Perkins with prejudice and against Stoel Rives without prejudice and with leave to amend. Plaintiffs timely filed a Second Amended Complaint, docket no. 46, which is now the subject of the three pending motions to dismiss.

In the Second Amended Complaint, plaintiffs allege that Rounds was employed by Stoel Rives until February 22, 2008; thereafter, she was employed by Oak Street. 2d Am. Compl. at ¶¶ 21, 80 (docket no. 46). The claims asserted by plaintiffs against Rounds involve statements and actions occurring before April 29, 2010, when Claunch fired LuBahn, and before May 19, 2010, when 3BA Int'l commenced suit against LuBahn and others. _See_ 2d Am. Compl. at 37:12-20; _see also_ Order at 3 (docket no. 41).

Gloria Nagler, also an attorney, was formerly with the firm of Nagler & Associates, the successor of which is Nagler & Malaier P.S. _See_ 2d Am. Compl. at ¶¶ 23-24 (docket no. 46). Nagler was selected by Rounds and paid by Claunch to represent LuBahn in reopening his bankruptcy proceeding for the purpose of approving the sale of LuBahn's intellectual property to Claunch. _Id._ at ¶¶ 24, 64; _see_ Order at 2 (docket no. 41). The claims alleged by plaintiffs against Nagler involve conduct predating September 23, 2008, when the bankruptcy judge entered an order allowing the

ORDER - 2

transaction, and prior to April 27, 2009, when the bankruptcy trustee filed a report about the sale.  *See* Order (docket no. 35) & Report of Sale (docket no. 46) in *In re Kevin & Laura LuBahn*, Case No. 07-1877-FLK7 (Bankr. E.D. Wash.).

In the Second Amended Complaint, plaintiffs allege the following claims against defendants who are moving for dismissal:

1. Misappropriation of Trade Secrets against Rounds;
2. Misrepresentation and Fraud against Stoel Rives, Rounds, Oak Street, and Nagler;
3. Violation of 42 U.S.C. § 1983 against Stoel Rives, Rounds, Oak Street, and Nagler;
4. Conspiracy in Violation of 42 U.S.C. § 1985 against Stoel Rives, Rounds, Oak Street, and Nagler;
5. Violation of 18 U.S.C. § 892 against Stoel Rives, Rounds, Oak Street, and Nagler;
6. Attorney Malpractice against Stoel Rives, Rounds, Oak Street, and Nagler; and
7. Failure to Manage against Stoel Rives.

2d Am. Compl. at 35-56 (docket no. 46).  The Second Amended Complaint alleges some of these and other claims against additional defendants, but those claims are not at issue in the pending motions to dismiss.

**Discussion**

**A.**     **Standard for Motion to Dismiss**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  *Bell Atl.*

ORDER - 3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 558.

A complaint may be lacking for one of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.     Statute of Limitations**

This action commenced on June 6, 2013.  *See* Order at 7 & n.4 (docket no. 41).[1] All of the claims asserted against moving defendants have a three-year limitations period. RCW 4.16.080(2) ("any other injury to the person or rights of another not hereinafter enumerated"); RCW 4.16.080(4) (fraud); RCW 19.108.060 (misappropriation of trade

---

[1] Plaintiffs apparently attempted to initiate this litigation on April 26, 2013, but the complaint was filed without the requisite signature of counsel, and after plaintiffs failed to respond to an Order to Show Cause issued by the Honorable Marsha J. Pechman, Chief United States District Judge, the complaint was stricken and the case was dismissed.  *See* Order (docket no. 3) in *3BA Properties, LLC v. Larry Claunch*, Case No. C13-744 MJP (W.D. Wash.).

ORDER - 4

secrets); see Cawdrey v. Hanson Baker Ludlow Drumheller, P.S., 129 Wn. App. 810, 816, 120 P.3d 605 (2005) (malpractice); see also Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (§ 1983 claim).  Thus, to the extent that the claims accrued prior to June 6, 2010, they are time barred.

Plaintiffs have filed no response to the three pending motions to dismiss and they have offered no basis for concluding that the claims at issue accrued on or after June 6, 2010.  The attempt in the Second Amended Complaint to rely on invoices or account statements obtained in 2012 fails for the same reason articulated in the Minute Order entered on January 8, 2014 (docket no. 52).  Such invoices and statements do not establish that plaintiffs did not know and could not have known prior to June 6, 2010, the facts on which their claims are based.  E.g., McLeod v. Nw. Alloys, Inc., 90 Wn. App. 30, 36, 969 P.2d 1066 (1998) ("[A] cause of action accrues when the claimant knew or should have known the essential elements of the cause of action. . . .  The cause of action accrues when the claimant knows or should know the relevant facts, 'whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action.'").

Rather, plaintiffs had all relevant facts relating to their claims against Rounds, and therefore against Stoel Rives and Oak Street, by May 19, 2010, when suit was instituted against LuBahn.  Moreover, their claims against Nagler accrued by April 27, 2009, when the bankruptcy trustee filed a report indicating that the sale of LuBahn's intellectual property to Claunch had been completed.  The deficiencies in plaintiffs' claims against

ORDER - 5

movants cannot be cured by further amendment,[2] and defendants' motions to dismiss are therefore GRANTED with prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant Stoel Rives LLP's motion to dismiss, docket no. 49, is GRANTED; all claims against Stoel Rives LLP are DISMISSED with prejudice;

(2) Defendants Brinette Bobb Rounds's and Oak Street Law Group, PLLC's motion to dismiss, docket no. 51, is GRANTED; all claims against Brinette Bobb Rounds and Oak Street Law Group, PLLC are DISMISSED with prejudice;

(3) Defendants Gloria Nagler's and Nagler & Malaier P.S.'s motion to dismiss, docket no. 54, is GRANTED; all claims against Gloria Nagler and Nagler & Malaier P.S. are DISMISSED with prejudice; and

(4) The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 14th day of February, 2014.

THOMAS S. ZILLY
United States District Judge

---

[2] Plaintiffs' claims under 42 U.S.C. §§ 1983 and 1985 are also not cognizable because defendants do not qualify as state actors. *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972). Plaintiffs' claims under 18 U.S.C. § 892 are not cognizable because such criminal statute creates no private right of action. *See Bey v. Nissan Motors Acceptance Corp.*, 1992 WL 174730 (E.D. Pa. July 21, 1992), *aff'd*, 983 F.2d 1049 (3d Cir. 1992). For these additional reasons, plaintiffs' claims under Titles 18 and 42 are DISMISSED with prejudice.

ORDER - 6